

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JEFFERSON | : | CIVIL ACTION NO. **14  2238** |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER JEFFREY WALKER | : | |
| (Badge No. 3730) | : | |
| Individually and as a Police Officer | : | |
| for the City of Philadelphia | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICERS JOHN/JANE | : | |
| DOES 1-10 | : | |
| (Badge Nos. Presently Unknown) | : | |
| Individually and as Police Officers | : | |
| for the City of Philadelphia | : | |

## COMPLAINT

### JURISDICTION

1. This is an action brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia and against the City of Philadelphia Police Officers in their individual capacities. Plaintiff invokes the pendent jurisdiction of this Court provided by 28 U.S.C. §1367 to hear and decide claims under State law.

1.

## PARTIES

2. Plaintiff is David Jefferson, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

4. Defendant, Police Officer Jeffrey Walker (Badge No. 3730), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

5. Upon information and belief, defendant Police Officers John/Jane Does 1-10 were at all times relevant to this action Officers of the City of Philadelphia Police Department, most of whom were members of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics, and whose identities are presently unknown. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia.

## FACTS

6. On or about December 7, 2010, at approximately 5:00 p.m., defendant Police Officer Jeffrey Walker falsely accused plaintiff of selling marijuana to a confidential informant, none of which accusations were true but were made for the sole purpose of making a false arrest, false imprisonment and fraudulent prosecution in order to make overtime pay appearing in court and reaping a financial gain for the illegal and false arrest and prosecution.

7. For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct.

8. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

9. On or around this date of December 7, 2010, defendant Walker and the other defendant Officers allegedly received information from the confidential informant, and despite knowing the information was false, defendant Walker prepared a false and fraudulent Affidavit of Probable Cause to search a house located at 5004 Pine Street, Philadelphia, Pa., occupied by plaintiff and two cousins.

10. At the time of the execution of the fraudulent search warrant, during which the Police Officers kicked in the front door, plaintiff was not home, only three children and their mothers were present who were harassed and threatened by the defendant Officers.

11. Only Officer Walker searched the third floor apartment occupied by plaintiff and his cousin, Alan Breckinridge, neither of whom were home, but the Officers falsely claimed to have found marijuana, a gun and pills, and without probable cause, claimed these items belonged to plaintiff.

12. Since plaintiff was not home, the Officers arrested Abelic Deloathch, the mother of his child, who had come to visit him, and charged her with drug offenses, knowing such accusations were false and untrue but made to intimidate and force plaintiff to cooperate in the false charges.

13. The Affidavit of Probable Cause contained allegations that were false and this affiant and the other defendant Officers knew or had reason to know of the falsity of these allegations.

14. The misrepresentations contained in the Affidavit of Probable Cause sworn to by the defendant Officers are material to the probable cause determination made by the judicial Officer who authorized the search; indeed, without these allegations, the Affidavit of Probable Cause contains no reason to search plaintiff's then residence, which he shared with his two cousins.

15. An arrest warrant was issued for plaintiff based on the false and fraudulent information contained in the Affidavit of Probable Cause and on March 1, 2012, plaintiff was arrested and charged with PWID, CC and Possession of Firearm Prohibited.

16. Because of the false testimony of defendant Police Officers, plaintiff was held for trial and based on the false and perjured testimony from a Police Officer, and in order to avoid a lengthy prison term of twenty years threatened by the prosecutor, plaintiff decided to plead guilty, even though he was not guilty, in order to accept a deal of four to eight years of imprisonment on all charges.

17. Defendant Walker gave false testimony at the preliminary hearing that he observed plaintiff selling marijuana to a confidential informant.

18. The guilty plea entered by plaintiff in the case of Com. v. Jefferson, CP–51-CR-0003883-2012 was based solely on the false and misleading testimony of defendant Walker and the evidence of the other defendant Officers.

19. Plaintiff was locked up from the date of his arrest on March 1, 2012 until March 11, 2014, and served time at various prisons, including CFCF, Graterford, Camp Hill and Coal Township, including spending time in the hole for alleged infractions.

20. A fine was imposed upon plaintiff as well, and monies were taken from each prison pay to satisfy the fine of $902.44.

21. That during his false incarceration, plaintiff suffered asthma attacks, was housed with violent criminals, including rapists and murderers, and was incarcerated at maximum security prisons at Graterford and Coal Township where he witnessed violence and stabbings.

22. Plaintiff also had $1,200.00 taken from him at the time of his arrest, which monies were never returned to him.

23. On February 28, 2014, the Honorable Sheila Woods-Skipper nol prossed plaintiff's conviction on all charges (35 § 780-113, 18 § 6105, 35 § 780-113, 35 § 780-113, 18 § 907); however, he was not released from his false incarceration at Coal Township until March 11, 2014, when the Philadelphia District Attorney's Office acknowledged that defendant Jeffrey Walker and/or the other defendant Officers were involved in making false arrests and prosecutions and fraudulent Affidavits of Probable Cause.

24. That because of plaintiff's false arrest and incarceration, he was deprived of the companionship of his family, friends, and especially, his children.

25. The Philadelphia District Attorney's Office no longer calls defendant Walker and some and/or all of the defendant Officers as witnesses in narcotics cases; no longer approves narcotic cases for charging in which some and/or all of the defendant Officers were a necessary witness; and no longer approves any search or arrest warrants in narcotics cases when imprisoned Officer Walker and/or all or some of the defendant Officers were the affiant.

26. More specifically, the District Attorney of Philadelphia now refuses to prosecute or charge cases or approve any search or arrest warrant in which defendant Jeffrey Walker and/or all of the other defendant Officers were involved.

27. This decision rested on knowledge that some and/or all of the defendant Officers in this matter had engaged in conduct raising questions about their integrity and law-abidingness while on duty.

28. At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant Officers. Federal agents and Federal prosecutors knew. The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates, knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office, knew. The basis of this knowledge was information from multiple sources, including, but not limited, to Federal investigations, questions raised by State and Federal prosecutors and other sources.

29. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United

States Constitution; the right to be free from excessive force; the right to be free from malicious prosecution; and the right to due process of law. Plaintiff was deprived of the right not to be a victim of conspiracies by State actors to violate the aforementioned clearly established rights.

30. The actions or inactions of defendants violated clearly established rights.

31. All actions taken by defendants in this matter were taken under color of State law.

32. As a direct and proximate result of the action or inaction of defendants, plaintiff suffered physical pain, loss of liberty, anxiety, fear, mental harm, loss of parental rights and financial loss.

33. As a direct and proximate result of the actions and/or inactions of the defendants, plaintiff was and is deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution, as well as parallel provisions of the Pennsylvania Constitution, and in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be a victim of conspiracies of State actors to violate the aforementioned clearly established rights.

34. The actions and/or inactions of the defendants violated the clearly established Federal and State constitutional rights of the plaintiff to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

## COUNT I

### 42 U.S.C. §1983 against Defendant Officers

#### *Excessive Force*

35. Paragraphs 1 through 34 are incorporated by reference as though fully set forth herein at length.

36. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers intentionally acted to cause a harmful and/or offensive contact with plaintiff's person and such action was the actual and proximate cause of plaintiff's harm.

37. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers

#### *Battery*

38. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein at length.

39. Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally acted to cause a harmful and/or offensive contact with plaintiff's person and such action was the actual and proximate cause of plaintiff's harm.

8.

40. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT III

### 42 U.S.C. §1983 against Defendant Officers

#### *Assault*

41. Paragraphs 1 through 40 are incorporated by reference as though fully set forth herein at length.

42. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers intentionally placed plaintiff in reasonable apprehension if imminent harmful and/or offensive bodily contact, and defendants' actions were the actual and proximate cause of plaintiff's harm.

43. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IV

### Supplemental State Law Claim Against Defendant Officers

#### *Assault*

44. Paragraphs 1 through 43 are incorporated by reference as though fully set forth herein at length.

44. Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally placed plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and such actions were the actual and proximate cause of plaintiff's harm.

46. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT V

### 42 U.S.C. §1983 against Defendant Officers

#### *Unlawful Arrest*

47. Paragraphs 1 through 46 are incorporated by reference as though fully set forth herein at length.

48. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers acted

with the intent to arrest plaintiff unlawfully, without probable cause, and against plaintiff's will, and such actions were the actual and proximate cause of plaintiff's confinement.

49. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VI

### Supplemental State Law Claim Against Defendant Officers

#### *False Imprisonment*

50. Paragraphs 1 through 49 are incorporated by reference as though fully set forth herein at length.

51. Plaintiff was damaged and injured as set forth above by defendant Officers in that they acted with the intent to confine plaintiff unlawfully and against plaintiff's will, confining him on false criminal charges during the period March 1, 2012 and March 11, 2014, during which period of time he feared for his life and safety, was deprived of needed medical care and attention, subjected to indignities, deprived of family and friends, and was imprisoned on false charges trumped up by the police, and such actions were the actual and proximate cause of plaintiff's confinement.

52. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VII

### 42 U.S.C. §1983 against Defendant Officers

### *Unjustified Search*

53. Paragraphs 1 through 52 are incorporated by reference as though fully set forth herein at length.

54. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff constitutional rights while acting under color of law. More specifically, defendant Officers entered and searched the premises in which plaintiff was a guest, without probable cause or with a warrant containing false statements, and such actions were the direct and proximate cause of plaintiff's harm.

55. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VIII

### 42 U.S.C. §1983 against Defendant Officers

### *Malicious Prosecution*

56. Paragraphs 1 through 55 are incorporated by reference as though fully set forth herein at length.

57. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers seized and arrested plaintiff, and instituted criminal proceedings against him without probable cause and with malice. These proceedings terminated in favor of plaintiff. Defendants' conduct was the direct and proximate cause of plaintiff's harm.

58. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IX

### Supplemental State Law Claim Against Defendant Officers

#### *Malicious Prosecution*

59. Paragraphs 1 through 58 are incorporated by reference as though fully set forth herein at length.

60. Plaintiff was damaged and injured as set forth above by defendant Officers in that they instituted criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of plaintiff.

61. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest,

injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT X

### 42 U.S.C. §1983 against Defendant Officers

#### *Conspiracy*

62. Paragraphs 1 through 61 are incorporated by reference as though fully set forth herein at length.

63. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers acted in conspiracy to violate plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of plaintiff's harm.

64. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XI

### Supplemental State Law Claim Against Defendant Officers

### *Conspiracy*

65. Paragraphs 1 through 64 are incorporated by reference as though fully set forth herein at length.

66. Defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

67. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XII

### Supplemental Claim of Intentional Infliction of Emotional Distress against All Defendant Officers

68. Paragraphs 1 through 67 are incorporated by reference as though fully set forth herein at length.

15.

69. Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally and/or recklessly caused plaintiff severe emotional distress by their extreme and outrageous conduct.

70. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XIII

### Supplemental Claim of Negligent Infliction of Emotional Distress against All Defendant Officers

71. Paragraphs 1 through 70 are incorporated by reference as though fully set forth herein at length.

72. Plaintiff was damaged and injured as set forth above by defendant Officers in that they negligently caused plaintiff severe emotional distress by their extreme and outrageous conduct and where plaintiff's emotional distress resulted in the manifestation of physical symptoms.

73. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XIV

### 42 U.S.C. §1983 against Defendant City of Philadelphia

74. Paragraphs 1 through 73 are incorporated by reference as though fully set forth herein at length.

75. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. The City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of plaintiff's rights.

76. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

77. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or retrain against, and discipline against illegal police activity, including, but not limited, to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment and infliction of emotional distress.

78. There has been a longstanding history, which has been extensively documented since the 1980s of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations.

17.

A non-exhaustive list of such conduct includes:

    a.    In the early 1980s, in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

    b.    During the decade between 1980-1989, a Lieutenant and three Officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in Federal convictions for, inter alia, racketeering.

    c.    In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects.

    d.    In 1997, federal drug convictions were overturned as a result of a 1998 Internal Affairs finding that narcotics Officer John Boucher was a potentially corrupt Police Officer.

    e.    In the last five years, numerous narcotics officers, including, as described supra, some and/or all of the Defendant Officers in this matter, have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as a result of a series of articles by Philadelphia Daily News reports known as "Tainted Justice," Philadelphia Police Officers Jeffrey Cujdik, Richard

Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna and Thomas Deabler, have all been assigned to either desk duty or non-narcotics related assignments. Those officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

79. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its Police Officers, including the defendant Officers, against a code of silence or "blue code" of Officers, refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

80. As a result of the above described polices and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

81. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

### COUNT XV

### Supplemental Claim of Negligent Hiring, Retention and Supervision against defendant, City of Philadelphia

82. Paragraphs 1 through 81 are incorporated by reference as though fully set forth herein at length.

83. Defendant City of Philadelphia failed to exercise reasonable care in the hiring, retention and supervision of the defendant Police Officers with such failure being the direct and proximate cause of Plaintiff's injuries.

84. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

_____
MARGARET BOYCE FUREY, ESQUIRE
Four Tower Bridge, Suite 400
200 Barr Harbor Drive
West Conshohocken, Pa. 19428
610-397-0125 (phone)
610-397-0126 (fax)