N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JEFFERSON | : | CIVIL ACTION NO. |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER JEFFREY WALKER | : | |
| (Badge No. 3730) | : | |
| Individually and as a Police Officer | : | |
| for the City of Philadelphia | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER Linwood Norman | : | |
| | : | |
| (Badge No 5214) | : | |
| Individually and as Police Officers | : | |
| for the City of Philadelphia | : | |

## **AMENDED COMPLAINT**

### **JURISDICTION**

1. This is an action brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia and against the City of Philadelphia Police Officers in their individual capacities. Plaintiff invokes the pendent jurisdiction of this Court provided by 28 U.S.C. §1367 to hear and decide claims under State law.

## PARTIES

2. Plaintiff is David Jefferson, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

4. Defendant, Police Officer Jeffrey Walker (Badge No. 3730), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

5. Upon information and belief, defendant Police Officer Linwood Norman was at all times relevant to this action an Officer of the City of Philadelphia Police Department, and a member of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics. He is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia.

## FACTS

6. On or about 12/07/2010 P O Walker allegedly acting on information from an unidentified source that marijuana sales were bring made from the 3rd floor of 5004 Pine St., Phila. Pa and that the alleged seller was a Bald Heavy set Black man.

7. On or about that same date of December 7, 2010, at approximately 5:00 p.m., defendant Police Officers Norman and Walker ,falsely accused plaintiff of selling marijuana to a confidential informant, none of which accusations were true but were made for the sole purpose of making a false arrest, false imprisonment and fraudulent prosecution in order to make overtime pay appearing in

court and reaping a financial gain for the illegal and false arrest and prosecution.

8. For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct.

9. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

10. On or around this date of December 7, 2010, defendant Walker and the other defendant Officer Norman allegedly received information from the confidential informant, and despite knowing the information was false, defendant Walker prepared a false and fraudulent Affidavit of Probable Cause to search a house located at 5004 Pine Street, Philadelphia, Pa., occupied by plaintiff and two cousins.

11. At the time of the execution of the fraudulent search warrant, during which the Police Officers kicked in the front door, plaintiff was not home, only three children and their mothers were present who were harassed and threatened by the defendant Officers.

12. Only Officer Walker searched the third floor apartment occupied by plaintiff and his cousin, Alan Breckinridge, neither of whom were home, but Officer Walker falsely claimed to have found marijuana, a gun and pills, and without probable cause, claimed these items belonged to plaintiff.

13. Since plaintiff was not home, the Officers arrested Abelic Deloathch, the mother of his child, who had come to visit him, and charged her with drug offenses, knowing such accusations were false and untrue but made to intimidate and force plaintiff to cooperate in the false charges.

14. The Affidavit of Probable Cause contained allegations that were false and this affiant Walker and the other defendant Officer Norman knew or had reason to know of the falsity of these allegations.

15. The misrepresentations contained in the Affidavit of Probable Cause sworn to by the defendant Officers are material to the probable cause determination made by the judicial Officer who authorized the search; indeed, without these allegations, the Affidavit of Probable Cause contains no reason to search plaintiff's then residence, which he shared with his two cousins.

16. An arrest warrant was issued for plaintiff based on the false and fraudulent information contained in the Affidavit of Probable Cause and on March 1, 2012, plaintiff was arrested and charged with PWID, CC and Possession of Firearm Prohibited.

17. Because of the false testimony of defendant Police Officer Walker, plaintiff was held for trial and based on the false and perjured testimony from a Police Officer, and in order to avoid a lengthy prison term of twenty years threatened by the prosecutor, plaintiff decided to plead guilty, even though he was not guilty, in order to accept a deal of four to eight years of imprisonment on all charges.

18. Defendant Walker gave false testimony at the preliminary hearing that he observed plaintiff selling marijuana to a confidential informant.

19. The guilty plea entered by plaintiff in the case of <u>Com. v. Jefferson</u>, CP-51-CR-0003883-2012 was based solely on the false and misleading testimony of defendant Walker and the evidence of the other Officers involved in the search.

20. Plaintiff was locked up from the date of his arrest on March 1, 2012 until March 11, 2014, and served time at various prisons, including CFCF, Graterford, Camp Hill and Coal Township, including spending time in the hole for alleged infractions.

21. A fine was imposed upon plaintiff as well, and monies were taken from each prison pay to satisfy the fine of $902.44.

22. That during his false incarceration, plaintiff suffered asthma attacks, was housed with violent criminals, including rapists and murderers, and was incarcerated at maximum security prisons at Graterford and Coal Township where he witnessed violence and stappings.

23. Plaintiff also had $1,200.00 taken from him at the time of his arrest, which monies were never returned to him.

24. On February 28, 2014, the Honorable Sheila Woods-Skipper nol prossed plaintiff's conviction on all charges (35 § 780-113, 18 § 6105, 35 § 780-113, 35 § 780-113, 18 § 907); however, he was not released from his false incarceration at Coal Township until March 11, 2014, when the Philadelphia District Attorney's Office acknowledged that defendant Jeffrey Walker and/or the other defendant Officer Norman were involved in making false arrests and prosecutions and fraudulent Affidavits of Probable Cause.

25. That because of plaintiff's false arrest and incarceration, he was deprived of the companionship of his family, friends, and especially, his children.

26. The Philadelphia District Attorney's Office no longer calls defendant Walker and Norman and/or other Narcotic Field Officers as witnesses in narcotics cases; no longer approves narcotic cases for charging in which some and/or all of the Narcotic Field Officers were necessary witnesses; and no longer approves any search or arrest warrants in narcotics cases when imprisoned Officer Walker and Officer Norman , were the affiants.

27. More specifically, the District Attorney of Philadelphia refused to prosecute or charge cases or approve any search or arrest warrant in which defendant Jeffrey Walker and/ defendant Officer Norman were involved.

28. This decision rested on knowledge that some defendant Officers in this matter had engaged in conduct raising questions about their integrity ,violating their duty to follow the Constitution , Statutes ,Rules of Law and evidenced a tendency towards corrupt and illegal behavior while on duty.

29. At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant Officers. Federal agents and Federal prosecutors knew. The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates, knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office, knew. The basis of this knowledge was information from multiple sources, including, but not limited, to Federal investigations, questions raised by State and Federal prosecutors and other sources.

30. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the right to be free from excessive force; the right to be free from malicious

prosecution; and the right to due process of law. Plaintiff was deprived of the right not to be a victim of conspiracies by State actors to violate the aforementioned clearly established rights.

31. The actions or inactions of defendants violated clearly established rights.

32. All actions taken by defendants in this matter were taken under color of State law.

33. As a direct and proximate result of the action or inaction of defendants, plaintiff suffered physical pain, loss of liberty, anxiety, fear, mental harm, loss of parental rights and financial loss.

34. As a direct and proximate result of the actions and/or inactions of the defendants, plaintiff was and is deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution, as well as parallel provisions of the Pennsylvania Constitution, and in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be a victim of conspiracies of State actors to violate the aforementioned clearly established rights.

35. The actions and/or inactions of the defendants violated the clearly established Federal and State constitutional rights of the plaintiff to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

## COUNT I

### 42 U.S.C. §1983 against Defendant Officers

#### *Malicious Prosecution*

36. Paragraphs 1 through 35 are incorporated by reference as though fully set forth herein at length.

37. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers seized and arrested plaintiff, and instituted criminal proceedings against him without probable cause and with malice. These proceedings terminated in favor of plaintiff. Defendants' conduct was the direct and proximate cause of plaintiff's harm.

38. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers

#### *Malicious Prosecution*

39. Paragraphs 1 through 58 are incorporated by reference as though fully set forth herein at length.

40. Plaintiff was damaged and injured as set forth above by defendant Officers in that they instituted criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of plaintiff.

41. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest,

injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT III

### 42 U.S.C. §1983 against Defendant Officers

#### *Conspiracy*

42. Paragraphs 1 through 61 are incorporated by reference as though fully set forth herein at length.

43. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers acted in conspiracy to violate plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of plaintiff's harm.

44. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IV

### Supplemental State Law Claim Against Defendant Officers

#### *Conspiracy*

45. Paragraphs 1 through 64 are incorporated by reference as though fully set forth herein at length.

46. Defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

47. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT V

### 42 U.S.C. §1983 against Defendant Officers

#### FABRICATION OF EVIDENCE

48. Paragraphs 1 through 47 are incorporated by reference as though fully set forth herein at length.

49. As a result of the falsifying of evidence and presenting this evidence in a criminal case and claiming falsely that plaintiff was involved in possession , manufacturing and delivery of a controlled substance, knowing noe of which was true and which alleged drugs/ controlled substance was never owned, possessed, distributed nor under the control of plaintiff, plaintiff was caused to be

arrested, incarcerated, placed under house arrest, placed on probation, maliciously prosecuted and his reputation and standing in the community was ruined and his life was interrupted and otherwise ruined by falsified evidence, perjury and lies.

50. Defendant Officers falsified evidence in order to get a conviction, look good in the eyes of supervisors and Police Department Hierarchy and enrich themselves with overtime pay while attending court, a common practice in the Philadelphia Police Department, as well as stealing drugs and money for their own use and/or to sell to others.

51. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VI

## STATE LAW CLAIM

## FABRICATION OF EVIDENCE

52. Paragraphs 1 through 51 are incorporated by reference as though fully set forth herein at length.

53. Plaintiff was damaged and injured as set forth above by defendant Officers in that they negligently caused plaintiff severe emotional distress by their extreme and outrageous conduct and where plaintiff's emotional distress resulted in the manifestation of physical symptoms.

54. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees

and costs under 42 U.S.C. §1988.

## COUNT XIV

### 42 U.S.C. §1983 against Defendant City of Philadelphia

55. Paragraphs 1 through 54 are incorporated by reference as though fully set forth herein at length.

56. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. The City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of plaintiff's rights.

57. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

58. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or retrain against, and discipline against illegal police activity, including, but not limited, to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment and infliction of emotional distress.

59. There has been a longstanding history, which has been extensively documented since the 1980s of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations.

A non-exhaustive list of such conduct includes:

    a.    In the early 1980s, in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

    b.    During the decade between 1980-1989, a Lieutenant and three Officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in Federal convictions for, inter alia, racketeering.

    c.    In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects.

    d.    In 1997, federal drug convictions were overturned as a result of a 1998 Internal Affairs finding that narcotics Officer John Boucher was a potentially corrupt Police Officer.

    e.    In the last five years, numerous narcotics officers, including, as described supra, some and/or all of the Defendant Officers in this matter, have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as a result of a series of articles by Philadelphia Daily News reports known as "Tainted Justice," Philadelphia Police Officers Jeffrey Cujdik, Richard

Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna and Thomas Deabler, have all been assigned to either desk duty or non-narcotics related assignments. Those officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

60. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its Police Officers, including the defendant Officers, against a code of silence or "blue code" of Officers, refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

61 As a result of the above described polices and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

62. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XV

### Supplemental Claim of Negligent Hiring, Retention and Supervision against defendant, City of Philadelphia

63. Paragraphs 1 through 81 are incorporated by reference as though fully set forth herein at length.

64 Defendant, City of Philadelphia, failed to exercise reasonable care in the hiring, retention and supervision of the defendant Police Officers with such failure being the direct and proximate cause of Plaintiff's injuries.

65. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

MARGARET BOYCE FUREY, ESQUIRE
Attorney for Plaintiff
840 First Avenue Suite 400
King Of Prussia PA 19406
610-397-0125 (phone)
610-397-0126 (fax)